UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAN GOODRICK,<br><br>　　Plaintiff,<br><br>v.<br><br>IDAHO DEPARTMENT OF CORRECTION, IDAHO BOARD OF CORRECTION, BRENT REINKE KEVIN KEMPF, JEFF ZMUDA, ASHLEY DOWELL, AL RAMIREZ, TIM MCKAY, MR. VALLEY, TERRI JO KIRTLEY, SUSAN WESSELS, DAINA DRAKE, LARISSA PFIEFER, MS. GOLDFUSS,<br><br>　　Defendants. | Case No. 1:16-cv-00243-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendants Alberto Ramirez, Ashley Dowell, Daina Drake, Larissa Pfeifer, and Amanda Goldfuss's (collectively "Defendants") Motion for Summary Judgment. Dkt. 32. Also pending are four motions filed by Plaintiff Dan Goodrick: a Motion for Leave to File a Second Amended Complaint (Dkt. 45), a Motion to Stay (Dkt. 53), a Cross-Motion for Summary Judgment (Dkt. 60), and a Renewed Motion for Appointment of Counsel (Dkt. 63).

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly

aided by oral argument, the Court will decide the Motions without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(2)(ii). For the reasons set forth below, the Court finds good cause to GRANT Defendants' Motion for Summary Judgment and DENY all of Goodrick's Motions.

## II. BACKGROUND

### A. Factual Background

Dan Goodrick is a convicted sex offender and a chronic alcoholic who has been incarcerated by the Idaho Department of Correction since 1992. According to Goodrick, in the approximately 27 years of his incarceration, he has not received any sex offender or alcoholism treatment.

Prison officials assert they have been unable to provide programming to Goodrick due to his continuous classification as a sexual predator, which warrants his placement in segregated housing where programming is sparse or unavailable. This classification as a sexual predator appears to come—in part—from a 2010 investigation that revealed Goodrick had obtained sexual favors from a much younger inmate with low mental capabilities in exchange for commissary items. As a result of this investigation, Goodrick was moved to administrative segregation at Idaho's Maximum Security Institution.

Goodrick had his first parole hearing on March 7, 2016, at the conclusion of his 25-year fixed sentence. The parole commission denied Goodrick's request for parole, although Goodrick can reapply in 2021.

According to Goodrick, he would like to engage in programming to aid his eligibility for parole in the future. Based on the duration of this case, it is not entirely

clear what the current situation is—whether Goodrick is receiving programming or not—but it appears that, at least during most of this case, Goodrick received little to no programming.

Goodrick alleges that Defendants' failure to provide him with treatment, programming, psychological evaluations, and regular risk assessments as a sex offender and alcoholic violates his Fourteenth Amendment right to due process and equal protection, as well as his Eighth Amendment right to be free from cruel and unusual punishment.

### B. Procedural Background

On November 30, 2016, United States Magistrate Judge Candy W. Dale issued an Initial Review Order in this case (Dkt. 8) dismissing all of Goodrick's claims save one—an Eighth Amendment Claim based on a failure to receive mental health treatment. Goodrick subsequently filed "objections" to Judge Dale's Initial Review Order. Dkt. 14.

On January 12, 2017, Goodrick filed an Amended Complaint. Dkt. 16. The Court did not subsequently review this Amended Complaint. Discovery then commenced.

Following the completion of all discovery, Defendants filed a Motion for Summary Judgment. Dkt. 32. Goodrick failed to respond to the Motion. Instead, Goodrick filed a Motion for Leave to File a Second Amended Complaint. Dkt. 45. Goodrick then filed a Motion to Stay proceedings pending the outcome of his state court post-conviction proceedings. Dkt. 53.

On September 27, 2018, the Court issued an order on numerous pending motions. Dkt. 58. In that order, the Court noted that it would review Goodrick's objections to

Judge Dale's Order as well as his pending Motion to Amend. The Court also gave Goodrick thirty (30) days to respond to Defendants' pending Motion for Summary Judgment.

On October 11, 2018, Goodrick responded to Defendants' Motion for Summary Judgment with a Motion for Summary Judgment of his own. Dkt. 60.

On November 15, 2018, Goodrick renewed his motion for appointment of counsel (Dkt. 63) which the Court has previously denied twice. Dkt. 8; Dkt. 58.

### III. LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court's role at summary judgment is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Zetwick v. Cty. of Yolo*, 850 F.3d 436, 441 (9th Cir. 2017) (citation omitted). In considering a motion for summary judgment, the Court must "view[] the facts in the non-moving party's favor." *Id.* To defeat a motion for summary judgment, the respondent need only present evidence upon which "a reasonable juror drawing all inferences in favor of the respondent could return a verdict in [his or her] favor." *Id.* (citation omitted). Accordingly, the Court must enter summary judgment if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The respondent cannot simply rely on an unsworn affidavit or the pleadings to defeat a motion for summary judgment; rather the respondent must set forth

the "specific facts," supported by evidence, with "reasonable particularity" that precludes summary judgment. *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 997 (9th Cir. 2001).

## IV. DISCUSSION

Before reaching the substance of Defendants' Motion for Summary Judgment, the Court must address numerous procedural matters, as well as Goodrick's pending Motions.

### A. *Williams v. King*

Goodrick's case was initially assigned to United States Magistrate Judge Dale for disposition. Dkt. 6. Goodrick subsequently consented to this assignment. Dkt. 7. As noted in her Initial Review Order (Dkt. 8), Judge Dale determined that Goodrick could proceed on a single Eighth Amendment Claim. Dkt. 8, at 6-7. Because Goodrick—the only party who had appeared in this action at that time—had consented to magistrate judge jurisdiction, Judge Dale's decision as to which claims survived and which did not was appropriate under this Court's then-existing precedent. *See Kelly v. Rolland*, No. 1:16-CV-00149-CWD, 2016 WL 3349222, at *1 (D. Idaho June 14, 2016) (citing *United States v. Real Property*, 135 F.3d 1312, 1316 (9th Cir. 1998), and *Walters v. Astrue*, 2008 WL 618933 (N.D. Cal. 2008)). The Ninth Circuit has since held, however, that a United States Magistrate Judge lacks the authority to dismiss a complaint unless all *named* parties have consented—even unserved defendants. *Williams v. King*, 875 F.3d 500, 503 (9th Cir. 2017).

In accordance with *Williams*, Judge Dale reassigned this case to the undersigned United States District Judge. Dkt. 23, Dkt. 24. As outlined in *Williams*, the undersigned

has independently reviewed Goodrick's Complaint, as well as Judge Dale's Initial Review Order. Although that review has been de novo, the Court agrees with, and adopts, Judge Dale's analysis and conclusions in their entirety. Only the Eighth Amendment claim identified by Judge Dale in the Initial Review Order has been allowed to proceed.

Additionally, as the Court outlined in its Order on Pending Motions (Dkt. 58), it must consider and review Goodrick's objections to Judge Dale's Initial Review Order (Dkt. 14). The Court has now completed that review. Goodrick's objections are little more than a rebuttal of Judge Dale's review and are an effort to clarify and bolster his claims that Judge Dale dismissed. However, there are no new legal arguments, nor are there any new material facts, that would require the Court to revisit Judge Dale's Order. In short, the Court finds Goodrick's objections unpersuasive. Accordingly, Goodrick's objections are overruled and Judge Dale's Initial Review Order stands as written.

Finally—although not necessarily invited to do so via the Court's Initial Review Order[1]—Goodrick filed an Amended Complaint in this case. Dkt. 16. Goodrick's so-called Amended Complaint includes many of the same claims and allegations as his original Complaint. It does appear, however, that Goodrick added some background and argument in support of the Eighth Amendment claim that Judge Dale allowed to go forward as well as some new information in support of his Due Process Claim. While the Court did not perform a subsequent successive review of this Amended Complaint at that

---

[1] Judge Dale noted that Goodrick could not proceed on his Due Process claim "without amendment" but did not set a deadline for the filing of any amended complaint. It appears that Goodrick took this invitation to heart and filed an amended complaint in hopes of resurrecting that Due Process claim.

time—namely because the amended complaint did not allege additional causes of action that had to be reviewed—it has independently reviewed the document now and finds that it did not cure any defects outlined in the Initial Review Order (i.e. none of Goodrick's dismissed claims are resurrected—specifically his Due Process claim) nor did it change the ultimate outcome of Judge Dale's Initial Review Order (that only Goodrick's Eighth Amendment claim remains).

Accordingly, the Court's Initial Review Order—which the parties relied upon as they undertook discovery—is still the governing document of this case. The Court strikes duplicative material contained in the Amended Complaint relative to claims already dismissed and will give any new material in support of Goodrick's Eighth Amendment claim the weight it deems appropriate.

### B. Motion to Amend

Relatedly, after Defendants filed the pending Motion for Summary Judgment (Dkt. 32), Goodrick—instead of responding to the motion—filed a Motion to Amend Complaint (Dkt. 45). Goodrick reasons that because Judge Dale stated that he could not proceed on his Due Process claim "without amendment," he is entitled to amendment and because the Court never issued a subsequent review order on his Amended Complaint, he should be allowed to amend at this point. As the Court just explained, however, Goodrick's Amended Complaint did not cure any defects identified in Judge Dale's Initial Review Order and ultimately was of little significance. That aside, the question remains: is in appropriate at this time to allow Goodrick an opportunity to amend? The Court finds that it is not.

Federal Rule of Civil Procedure 15(a) provides that, once a responsive pleading has been served, a party may amend its pleading "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, when—as in this case—a party files a motion to amend after the Court's case management deadline to amend has passed, district courts in the Ninth Circuit apply Federal Rule of Civil Procedure 16(b), followed by a Rule15(a) analysis. *See Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 607-08 (9th Cir. 1992). Under Rule 16(b), the movant must demonstrate good cause to amend. *Id.* at 609.

In the present case, all discovery deadlines have come and gone. The final deadline—that of dispositive motions—was April 4, 2018. Goodrick did not file his Motion to Amend until May 23, 2019. Accordingly, Goodrick's request for amendment is governed not by the liberal provisions of Federal Rule of Civil Procedure 15(a), but instead by the more restrictive provisions of Rule 16(b).

Here, Goodrick has not demonstrated good cause to amend. Discovery closed on March 5, 2018. At this point, allowing Goodrick to Amend would essentially re-open discovery in this case, which the Court does not find necessary or proper at this juncture. Under the current scheduling order of this case, and considering judicial economy, Amendment is not appropriate at this point.

That said, because the Court did not review Goodrick's Amended Complaint before the start of discovery, in an abundance of caution (taking into account Goodrick's rights and the difficulties he faces as a pro se litigant) the Court has independently reviewed the substance of Goodrick's Second Amended Complaint. The Court has also

done this because the argument presented here is the same as in Goodrick's objections to Judge Dale's order and, more particularly, is the entire substance of Goodrick's cross-motion for summary judgment.

Goodrick's longstanding argument—throughout this case and in his state court proceedings as well—is that Idaho Code section 20-223 contains a "state-created liberty interest" in rehabilitative programming for purposes of parole.

As Judge Dale correctly noted in her Initial Review Order, "there is no right to rehabilitative treatment in prison, and, thus, the argument that Plaintiff has been denied sexual offender treatment while in prison does not implicate a protected interest." Dkt. 8, at 4-5 (citing *Balla v. Idaho State Bd. of Corr*., 869 F.2d 461, 470 (9th Cir. 1989)).

Additionally, the delay a plaintiff experiences in admission to any type of programing does not constitute an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life," because ordinary prisoner life does not include pre-parole rehabilitative programs. *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Under this general backdrop, failure to timely receive programming—or failure to receive programming at all—is not a sufficient basis to establish a protected liberty interest.

Turning now to the specific provision cited by Goodrick (Idaho Code section 20-223), the Court notes that United States District Judge Edward J. Lodge has extensively discussed the very question of whether Idaho Code creates a liberty interest in rehabilitative programming for purposes of parole. See *Watkins v. Idaho Bd. of Pardons & Parole*, No. CV-06-79-S-EJL, 2008 WL 544843, at *7-10 (D. Idaho Feb. 26, 2008). Judge Lodge determined, in pertinent part, as follows:

> In *Banks v. State of Idaho,* 128 Idaho 886, 920 P.2d 905 (Idaho 1996), the Idaho Supreme Court addressed the liberty interest question. The court noted that the Idaho sentencing statute, I.C. § 19–2513, uses the nonmandatory words "[t]he offender may be considered for parole or discharge at any time during the indeterminate period of the sentence." The *Banks* Court held that, as a result of the statute's language, in Idaho "parole is not an automatic right or liberty interest." *Id.* at 908. The *Banks* Court acknowledged the existence of I.C. § 20–223, which governs parole commission decisions and contains the phrase "a parole shall be ordered when. . . ." However, the court apparently did not find the statute's "shall" language controlling in the liberty interest analysis, although that section is nearly the same as the language deemed mandatory in *Greenholtz* and *Allen.* Rather, the Idaho Supreme Court relied on I.C. § 19– 2513—which governs sentencing—noting that it does not contain mandatory language, but instead states that "[t]he offender *may* be considered for parole or discharged at any time during the indeterminate part of the sentence."
>
> . . . .
>
> All Idaho cases are in agreement that the parole statutes are not mandatory and that there is no liberty interest in parole in Idaho. In addition, in *Balla v. Idaho State Board of Correction,* 869 F.2d 461 (9th Cir.1989), the Ninth Circuit noted that "§ 20–223 does not establish any entitlement to parole," and cited *Allen* and *Greenholtz* in comparison.
>
> . . . .
>
> In *Sass,* the Ninth Circuit Court relied on the principle that "a State's highest court is the final judicial arbiter of the meaning of state statutes" to determine whether a state parole statute was mandatory or permissive. 461 F.3d at 1127. Because the Idaho Supreme Court has spoken on this issue, this Court is bound to follow its interpretation of state law. Parole is not mandatory in Idaho, resulting in no liberty interest in parole. This conclusion, in turn, prevents an inmate from pursuing due process claims arising from a denial of parole. Therefore, because there is no liberty interest in parole in Idaho, Petitioner's due process claims fails to state a claim upon which relief can be granted on federal habeas corpus review.

*Id*. (string citations omitted). Based upon the Idaho Supreme Court's numerous rulings, parole is not mandatory in Idaho, nor can a person have any liberty interest in parole. This same analysis trickles down to the question of whether there is a liberty interest in pre-parole programming.

> Idaho conducts psychological examinations of sex offenders for parole
> purposes only. Section 20–223(b) requires that a sex offender submit to such
> an examination before being considered for parole. Idaho Code § 20–223(b).
> The Parole Commission (Commission) may require a similar examination,
> however, for any non-sex offender prisoner. *Id.* The Commission is only
> required to "duly consider" the evaluation. Thus, section 20–223 does not
> establish any entitlement to parole. *Gee,* 695 P.2d at 379 ("[Idaho Code] §
> 20–223 does not dictate that the Board of Corrections deny parole to any
> individual nor does it require that the Board follow the psychiatrist's
> recommendation, if any."); *Vittone v. State,* 759 P.2d 909, 910–11 (Ct. App.
> 1988); *Izatt v. State,* 661 P.2d 763, 765–66 (1983) (*Izatt* ). In Idaho, parole is
> a matter of grace. *Izatt,* 661 P.2d at 766. *Compare Board of Pardons v. Allen,*
> 482 U.S. 369 (1987) (Montana parole statute which uses mandatory language
> to create a presumption of release once certain conditions are met creates a
> liberty interest protectible under due process clause); *Greenholtz v. Nebraska
> Penal Inmates,* 442 U.S. 1 (1979) (because it contains mandatory language,
> Nebraska parole statute creates "expectancy of release" which is a liberty
> interest implicating due process rights).

*Id*. at *10, n. 13 (D. Idaho Feb. 26, 2008) (citing *Balla*, 869 F.2d at 469-470 (string citations omitted)).

Finally, as will be discussed in the following section, an Idaho State Court judge has recently reiterated the same analysis *specifically as to Goodrick.* Unbeknownst to this Court (and Defendants) until recently, Goodrick was pursuing these same claims in state court under the guise of a post-conviction lawsuit. Ultimately that case was dismissed.

In summary, not only is Goodrick's Motion to Amend extremely untimely, but the substance of the proposed Amendment is meritless. The State of Idaho has definitively ruled on this issue and this Court must follow suit. Goodrick's Motion for Leave to File a Second Amended Complaint is DENIED.

### C. Motion to Stay

In this Motion, Goodrick asks the Court to stay all proceedings pending the

resolution of his state court post-conviction proceedings. Goodrick filed this Motion on June 13, 2018. On August 8, 2018, Kootenai County Judge John Mitchell dismissed all of Goodrick's post-conviction claims, specifically noting that he did not have any liberty interest in parole or pre-parole programming. Dkt. 56-5. At this point, Goodrick's state claims have been dismissed and there is no need to stay this case. Therefore, this Motion is DENIED as MOOT.

### D. Defendants Motion for Summary Judgement

As has been noted, the original surviving claim in this case was an Eighth Amendment claim based on the underlying factual assertions that Defendants were deliberately indifferent to Goodrick's medical needs in not providing him treatment for alcoholism, predatory sexual behavior, or PTSD.

In their Motion for Summary Judgment, Defendants outline seven reasons why summary judgment is appropriate in this case: (1) there is no evidence that Mr. Goodrick suffers from a "serious medical need;" (2) there is no evidence that Defendants were "deliberately indifferent" to any such need; (3) there is no evidence that the Defendants had any direct personal involvement in the provision of mental health care to Mr. Goodrick; (4) the Defendants actions did not violate a "clearly established" constitutional right; (5) to the extent Mr. Goodrick's claim is based on events that occurred more than two years prior to the filing his complaint, his claim is barred by the statute of limitations; (6) Mr. Goodrick's claims for injunctive relief are either moot or barred by the Court's Initial Review Order; and (7) Mr. Goodrick failed to exhaust administrative remedies related to the provision of mental health treatment prior to filing suit in this case.

In response to Defendants' Motion, Goodrick filed a cross motion for summary judgment in which he only addresses Defendants' final reason—his failure to exhaust administrative remedies—and states:

> Plaintiff *concedes* that he did not exhaust administrative remedies concerning being treated for mental health issues; his alcoholism and PTSD. In that regard, and on that one issue which is the basis [of] Defendants motion for summary judgment they are, as a matter of law *entitled to summary judgment* solely upon that issue and nothing else.

Dkt. 60, at 2-3 (emphasis added). Considering Goodrick's acquiesce, the Court must grant summary judgment in Defendants favor. Additionally, Goodrick's admonition that Defendants are only entitled to summary judgment on that claim "and nothing else" is immaterial as that is the only claim at issue in this case. The Court notes, however, that it has reviewed Defendants' motion in its entirety and—even absent Goodrick's assent to summary judgment—finds that Defendants' other arguments are substantively correct as well. Accordingly, Defendants' Motion for Summary Judgment is GRANTED.

### E. Goodrick's Motion for Summary Judgment

After agreeing that he failed to exhaust his administrative remedies, Goodrick goes on to argue that summary judgment is proper on his "state-created liberty interest" claim under Idaho Code section 20-223.[2] The Court must DENY Goodrick's Motion for three interdependent reasons.

---

[2] As an aside, Goodrick repeatedly states that each court (in this case, his state case, and the cases already taken up by the Idaho Supreme Court) has focused and analyzed a different subsection within Idaho Code section 20-223 than the subsection he is requests relief under. The Court finds this argument unpersuasive as the rulings of these various courts have found that there was no cause of action under 20-223 as a whole. There is no reason to delineate which particular subsections any one plaintiff was attacking. The

First and foremost, this claim did not survive Judge Dale's Initial Review Order and was not revived at any point. It is, therefore, not a claim upon which a party could even move for summary judgment.

Second, even if such a claim were present, as was discussed at length in regard to Goodrick's Motion to Amend (*see infra*, section III(B)), the statute Goodrick claims is at issue does not create a liberty interest of which he may avail himself.

Finally, Goodrick filed the instant motion long after the dispositive motion deadline. As previously noted, all dispositive motions were due on or before April 4, 2018. Goodrick filed the instant motion on October 11, 2018—over six months late.

Now, to be sure, the Court did allow Goodrick an opportunity to respond to Defendants' Motion for Summary Judgment within this timeframe, but importantly the Court did not extend any other deadlines, nor was there any implication that a dispositive motion would be accepted at this last stage.

For all these reasons, Goodrick's Motion for Summary Judgment is DENIED.

**F. Motion to Appoint Counsel**

In his final Motion (Dkt. 63), Goodrick once against petitions the Court for legal assistance. In its Order on Pending Motions (Dkt. 58) the Court informed Goodrick that it would "reconsider [the appointment of counsel] after reviewing the summary judgment submissions of the parties." Dkt. 58, at 3.

---

substantive ruling is that *nothing* in the statute creates a protected liberty interest in parole or pre-parole programming.

While this Motion is essentially moot in light of the Court's rulings on Defendants' Motion for Summary Judgment, the Court simply notes that none of Goodrick's stated reasons merit the appointment of counsel. In order to succeed on a motion to appoint counsel, a plaintiff must prove that "exceptional circumstances" are present which would require the assistance of at attorney. The determination of whether "exceptional circumstances" exist requires the evaluation of two factors: "(1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate the claims pro se in light of the complexity of legal issues involved." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991)).

There is no doubt that Goodrick, like any other pro se litigant, would benefit from the assistance of counsel. *See Rand v. Rowland,* 113 F.3d 1520, 1525 (9th Cir. 1997). But Goodrick has not pointed to exceptional circumstances warranting appointment.

Goodrick's argument that he has limited knowledge of the law and limited access to a law library or WESTLAW is not based on the complexity of the legal issues involved, but rather on the general difficulty of litigating pro se. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (noting that, "[i]f all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues").

In short, Goodrick's concerns do not rise to the level of exceptional circumstances. As the Court previously noted, "it is apparent from Plaintiff's filings that he can

adequately protect his interest in this matter." Dkt. 58, at 3. Accordingly, Goodrick's Motion for Appointment of Counsel is DENIED.

## V. ORDER

1. Defendants' Motion for Summary Judgment (Dkt. 32) is GRANTED.

2. Goodrick's objections (Dkt. 14) are OVERRULED.

3. Goodrick's Amended Complaint (Dkt. 16) is accepted to the extent that the Court strikes any duplicative information and has considered all new information. In a subsequent review of this Complaint, the Court finds that nothing in Judge Dale's Initial Review Order has changed—the sole cause of action in this case is Goodrick's Eighth Amendment claim.

4. Goodrick's Motion for Leave to File an Amended Complaint (Dkt. 45) is DENIED.

5. Goodrick's Motion to Stay (Dkt. 53) is DENIED as MOOT.

6. Goodrick's Cross Motion for Summary Judgment (Dkt. 60) is DENIED.

7. Goodrick's Renewed Motion for Appointment of Counsel (Dkt. 63) is DENIED.

8. The Court will enter a separate judgment in accordance with Fed. R. Civ. P. 58.

DATED: March 26, 2019

David C. Nye
Chief U.S. District Court Judge